IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-CR-00277-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RANDOLPH HARRIS AUSTIN | ) | UNDER SEAL |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on Amendment 821 to the United States Sentencing Guidelines relating to status points. (Doc. No. 112).

The defendant was found guilty of distributing cocaine (Counts One and Two) and possessing with intent to distribute cocaine base (Count Three). (Doc. No. 26: Jury Verdict). Although his advisory guideline range was 41 to 51 months, (Doc. No. 113: Supplemental Presentence Report (PSR) at 1), the Court varied upward to 120 months' imprisonment on each count concurrently, (Doc. No. 91: Judgment at 2). The Court also imposed a consecutive 24-month supervised release revocation sentence, for an aggregate term of 144 months. (Case No. 3:05-cr-213, Doc. No. 242: Revocation Judgment at 2). The United States Court of Appeals for the Fourth Circuit affirmed the sentence on appeal. (Doc. No. 104: Opinion at 6-7).

Part A of the Amendment is retroactive and amended USSG §4A1.1 to limit the impact of status points on criminal history category. USSG §1B1.10(d), comment. (n.7). Here, the Court determined the defendant had five criminal history points, two of which were status points. (Doc. No. 42: PSR ¶¶ 67-69). The

Amendment lowers his criminal history category from III to II, resulting in an amended guideline range of 37 to 46 months. (Doc. No. 113: Supplemental PSR at 2). The Bureau of Prisons credits him with approximately 103 months on the aggregate sentence, plus 365 days under the First Step Act. (Id.).

The defendant seeks a reduced sentence, noting the United States Sentencing Commission's conclusion based on statistics that "the inclusion of 'status points add[s] little to the overall predictive value associated with the criminal history score.'" (Doc. No. 112: Motion at 2 (quoting U.S.S.C. Supp. to App'x C, Amendment 821, at 241)). However, the Court's upward-variance sentence was not impacted by status points, but rather resulted from the determination that the defendant's criminal history score did not reflect the serious threat to the public that he posed. (Doc. No. 94: Sent. Hr'g Tr. at 97). Thus, the Court needed to protect the public and deter the defendant from additional criminal conduct with a lengthy sentence. (Id.).

In 1995, the defendant was arrested and later convicted of assault with a deadly weapon, and his probationary sentence was subsequently revoked. (Doc. No. 42: PSR ¶ 41). He was on that probation in 1996 when he engaged in felony possession of cocaine, and his probation for that offense was later revoked. (Id. ¶ 45). He was arrested in 1997, 1998 (two cases), and 1999 for felony drug offenses which were consolidated into one jail sentence. (Id. ¶¶ 50, 52-54). In 2005, he was prosecuted federally for conspiracy to possess with intent to distribute cocaine and cocaine base and attempt to possess with intent to distribute cocaine. (Id. ¶ 66). He received a mandatory life sentence, (Case No. 3:05-cr-211, Doc. No. 162: Judgment

2

at 2), which was later reduced to 132 months based on the Simmons decision, (Id., Doc. No. 206: Amended Judgment at 2).

Although the defendant assured the Court at resentencing that he was a "changed man" who had finally learned right from wrong, (Id., Doc. No. 210: Sent. Hr'g Tr. at 25-27), he began seeking a source of supply while on supervised release, which began May 26, 2015. (Id., Doc. No. 216: Petition at 1; Case No. 3:16-cr-277, Doc. No. 94: Sent. Hr'g Tr. at 45). On March 1, 2016, he sold approximately 1 ounce of cocaine to an informant. (Doc. No. 42: PSR ¶ 7). Three weeks later, he sold another ounce and a half. (Id. ¶ 8). On May 21, 2016, a search of his residence and vehicle revealed additional cocaine. (Id. ¶ 10). That conduct resulted in the instant case. At sentencing the Court found that this criminal history reflected a category VI, triggering the need to protect the public from further crimes of the defendant.[1] (Doc. No. 94: Sent. Hr'g Tr. at 98-99).

The Court has considered the defendant's post-sentencing rehabilitative conduct, including completing drug treatment and instructional courses, as well as his disciplinary actions for refusing work program assignment, disruptive conduct, and possessing drug/alcohol. (Doc. No. 112: Motion at 4-5; Doc. No. 113: Supplemental PSR at 2-3). The Court has also considered factors in 18 U.S.C. § 3553(a) and finds a reduction of the defendant's sentence is not warranted in the

---

[1] When the defendant was sentenced in 3:05-cr-213, his criminal history category was VI. (Case No. 3:05-cr-213, Doc. No. 173: PSR ¶ 56). Due to the passage of time while he served his sentence, many convictions became non-countable, reducing his criminal history category to III in the instant case.

circumstances of this case. There is no basis to find that the defendant's early release would result in a law-abiding lifestyle when he has consistently returned to serious criminal activity while on supervision. Even when spared a life sentence he demonstrated that he had not changed nor learned. The imposed sentence remains sufficient, but not greater than necessary, to accomplish the purposes of sentencing in § 3553(a), especially to deter criminal conduct and to protect the public from further crimes of the defendant. Accordingly, the Court will not exercise its discretion to reduce the defendant's sentence.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 112), is **DENIED**.

The Clerk is directed to certify copies of this Order to the Federal Public Defender, the United States Attorney, and the United States Probation Office.

Signed: February 1, 2024

Robert J. Conrad, Jr.
United States District Judge